UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

F&M MAFCO, INC.                                          CIVIL ACTION

v.                                                       NO. 18-5621

OCEAN MARINE CONTRACTORS,
LLC and OCEAN MARINE                                     SECTION "F"
RENTALS, LLC

ORDER AND REASONS

Before the Court are two motions: (1) the plaintiff's motion for summary judgment, seeking enforcement of an Ohio judgment pursuant to Louisiana's Enforcement of Foreign Judgments Act; and (2) the defendants' motion for summary judgment, seeking a stay of such enforcement. For the reasons that follow, the plaintiff's motion to enforce is GRANTED, and the defendants' motion to stay is DENIED.

**Background**

This enforcement action arises out of a default judgment entered by an Ohio court and the defaulting defendants' failure to satisfy that judgment.

On September 1, 2017, F&M Mafco, Inc. sued Ocean Marine Contractors, LLC and Ocean Marine Rentals, LLC in Ohio state court, asserting claims arising out of the performance of two contracts. First, OMC and F&M had entered into an agreement for the lease of two Manitowoc cranes. In connection with the lease agreement, two ancillary agreements were executed: (1) a security agreement, in

1

which OMC and OMR granted F&M a security interest in three winches to secure OMC's obligations under the lease; and (2) a derrick purchase agreement, in which OMC agreed to sell F&M a $65,000 derrick in exchange for application of the purchase price to the outstanding balance allegedly due to F&M under the equipment lease.[1] In the body of its Ohio state court complaint, F&M alleged entitlement to the following relief: (1) $606,825 in damages arising from OMC's breach of the equipment lease; (2) immediate possession of the two winches remaining in the defendants' possession, or their value of $100,000, pursuant to the security agreement; (3) $65,000 in damages arising from OMC's breach of the derrick purchase agreement; and (4) damages of $30,000 per month to compensate for lost rental income arising from OMC's failure to

---

[1] The Derrick Purchase Agreement contains both a choice of law provision and a forum selection clause with handwritten changes initialed by neither party. In this regard, the Derrick Purchase Agreement provides:

> 5) This Agreement shall be deemed to be made under and shall be construed in accordance with the laws of the State of ~~Ohio~~ [Louisiana] without reference to principles of conflict of laws.
> . . .
> 10) The parties hereto agree (a) that any suit, action, or proceeding brought to enforce an arbitration award rendered pursuant to the provisions of this Agreement hereof pertaining to this Agreement shall be instituted in the Courts of the State of ~~Ohio~~ [Louisiana] or the United States District Court for the ~~Southern~~ [Eastern] District of ~~Ohio~~ [Louisiana], Western Division, and (b) irrevocably and unconditionally submit and consent to the jurisdiction and venue of any such court for such purpose.

2

return the two Manitowoc cranes in its possession. But, in its demand for judgment in that complaint, F&M requested the following judgment against the defendant:

> [T]he amount of $606,825 plus accrued interest from November 1, 2016 in the First Cause of Action of the Complaint; damages in the amount of $100,000.00 plus accrued interest from November 1, 2016 in the Second Cause of Action of the Complaint; an Order directing the immediate delivery of the collateral as described in the Second Cause of Action of the Complaint; damages in the amount of $65,000 plus accrued interest from November 1, 2016 as set forth in the Third Cause of Action of the Complaint; damages in the amount of $30,000 per month plus accrued interest from November 1, 2016 as set forth in the Fourth Cause of Action of the Complaint plus attorneys' fees and the costs incurred in bringing this action, and such other relief to which the Plaintiff is entitled.

On April 3, 2018, the Common Pleas Court for Hamilton County, Ohio entered a default judgment in favor of F&M Mafco, Inc. and against Ocean Marine Contractors, LLC and Ocean Marine Rentals, LLC after finding that: (1) more than twenty-eight days had passed since the service of the summons and complaint on each defendant; (2) the defendants had failed to make an appearance, answer, or otherwise object to the complaint; and (3) the affidavit of Randy Snyder, F&M's Credit Manager, supported the allegations in the complaint. Mirroring F&M's demand for judgment, the Ohio Default Judgment declared OMC and OMR jointly and severally liable as follows:

3

(1) In the amount of $606,825.00 plus accrued interest from November 1, 2016 as set forth in the First Cause of Action in the Complaint.

(2) In the amount of $100,000.00 plus accrued interest from November 1, 2016 as set forth in the Second Cause of Action in the Complaint.

(3) In the amount of $65,000 plus accrued interest from November 1, 2016 as set forth in the Third Cause of Action in the Complaint.

(4) Damages in the amount of $30,000 per month plus accrued interest from November 1, 2016 as set forth in the Fourth Cause of Action of the Complaint.

(5) That the Plaintiff is entitled to a return of the equipment described in the Second Cause of Action of the Complaint that being a Gale Fox Seahorse Wench, DD125 and an Intercon Wench Model DW-200 Serial Number 2348 and all parts, components, manuals and ancillary equipment as described in the Second Cause of Action of the Complaint.

The Ohio Judgment also awarded the plaintiff the costs incurred in bringing that action. On June 4, 2018, F&M filed suit in this Court to make executory and enforce the Ohio Judgment pursuant to La. R.S. §§ 13:4241-4248 – The Enforcement of Foreign Judgments Act. Nearly six months later, on November 16, 2018, F&M moved for summary judgment. In addition to opposing the plaintiff's motion, OMC and OMR filed their own motion for summary judgment on December 3, 2018, seeking a stay of such enforcement. The Court considers the parties' competing motions together.

I.

Federal Rule of Civil Procedure 56 instructs that summary judgment is proper if the record discloses no genuine dispute as

to any material fact such that the moving party is entitled to judgment as a matter of law. No genuine dispute of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). A genuine dispute of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The mere argued existence of a factual dispute does not defeat an otherwise properly supported motion. See id. In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party. See Donaghey v. Ocean Drilling & Exploration Co., 974 F.2d 646, 649 (5th Cir. 1992). Rather, he must come forward with competent evidence, such as affidavits or depositions, to buttress his claims. Id. Hearsay evidence and unsworn documents that cannot be presented in a form that would be admissible in evidence at trial do not qualify as competent opposing evidence. Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5th Cir. 1987); Fed. R. Civ. P. 56(c)(2). "[T]he nonmoving party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." Hathaway v. Bazany, 507 F.3d 312, 319 (5th Cir. 2007) (internal quotation marks and citation omitted). Ultimately, "[i]f the evidence is merely colorable . . . or is not

5

significantly probative," summary judgment is appropriate. Anderson, 477 U.S. at 249 (citations omitted); King v. Dogan, 31 F.3d 344, 346 (5th Cir. 1994) ("Unauthenticated documents are improper as summary judgment evidence.").

Summary judgment is also proper if the party opposing the motion fails to establish an essential element of his case. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In deciding whether a fact issue exists, courts must view the facts and draw reasonable inferences in the light most favorable to the non-moving party. Scott v. Harris, 550 U.S. 372, 378 (2007). Although the Court must "resolve factual controversies in favor of the nonmoving party," it must do so "only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." Antoine v. First Student, Inc., 713 F.3d 824, 830 (5th Cir. 2013) (internal quotation marks and citation omitted).

## II.

This Court, sitting in diversity, must apply Louisiana law in considering the parties' competing motions to enforce and stay enforcement of the Ohio Judgment. See In re English High Court Proceedings, No. 06-2935, 2006 WL 4515304, at *2 (E.D. La. Nov. 2, 2006) (Feldman, J.). Under Louisiana law, the Enforcement of Foreign Judgments Act, La. R.S. §§ 13:4241-4248, sets forth the requirements for the recognition and enforcement of foreign

6

judgments, "including default judgments obtained in foreign courts." Id.

*A.*

The Court first considers whether F&M complied with the procedural requirements set forth in the EFJA. Louisiana Revised Statute § 13:4242, relating to the filing and status of foreign judgments, provides:

> A copy of any foreign judgment authenticated in accordance with an act of congress or the statutes of this state may be annexed to and filed with an ex parte petition complying with Code of Civil Procedure Article 891 and praying that the judgment be made executory in a court of this state. The foreign judgment shall be treated in the same manner as a judgment of a court of this state. It shall have the same effect and be subject to the same procedures, and defenses, for reopening, vacating, or staying as a judgment of a court of this state and may be enforced in the same manner.

In addition, La. R.S. § 13:4243 addresses the notice that the judgment debtor must be provided, and stipulates:

> **A.** At the time of the filing of the petition and foreign judgment, the judgment creditor shall file with the court an affidavit setting forth the name and last known address of the judgment debtor and the judgment creditor.
> **B.** Promptly upon the filing of the petition, the foreign judgment, and the affidavit, the clerk shall send a notice by certified mail to the judgment debtor at the address given and shall make a note of the mailing in the record. The notice shall include the name and address of the judgment creditor and his attorney, if any. In addition, the judgment creditor may mail a notice of the filing to the judgment debtor and may file proof of mailing with the clerk. Failure to mail notice of filing by the clerk shall not affect the enforcement

7

proceedings if proof of mailing by the judgment creditor has been filed.

**C.** No execution or other process for enforcement of a foreign judgment filed hereunder shall issue until thirty days after the mailing of the notice of the filing of the foreign judgment.

In this case, the record reflects that F&M complied with the procedural requirements of the EFJA. On June 4, 2018, F&M filed a complaint in this Court to recognize and make executory the Ohio Judgment. La. R.S. § 13:4242. In addition, F&M simultaneously filed an authenticated copy of the Judgment, along with an affidavit containing the name and last known address of each judgment debtor, OMC and OMR, and the judgment creditor, F&M. Id.; La. R.S. § 13:4243(A). Finally, the plaintiff mailed a Notice of Filing of Foreign Judgment to the judgment debtors and filed proof of that mailing with the Court on June 4, 2018. La. R.S. § 13:4243(B).

*B.*

However, the EJFA also enumerates two conditions under which a Louisiana court must stay enforcement of a foreign judgment. In this regard, La. R.S. § 13:4244 provides:

A. If the judgment debtor proves on contradictory motion that **an appeal from the foreign judgment is pending or will be taken**, or that **a stay of execution has been granted**, the court shall stay enforcement of the foreign judgment until the appeal is concluded, the time for appeal expires, or the stay of execution expires or is vacated, upon proof that the judgment debtor has furnished the security for the satisfaction of the judgment required by the state in which it was rendered.

8

> B. If the judgment debtor proves on contradictory motion **any ground upon which the execution of a judgment of a court of this state would be stayed**, the court shall stay enforcement of the foreign judgment upon requiring security for satisfaction of the judgment as is required in this state.

Emphasis added. The judgment debtors attempt to pursue both paths in their efforts to stay enforcement of the Ohio Judgment. The defendants first submit that enforcement must be stayed pursuant to La. R.S. § 13:4244(A) because they may file a motion for relief from judgment in Ohio state court. They also request a stay under La. R.S. § 13:4244(B) on the grounds that the Ohio court lacked subject matter jurisdiction over the dispute and that enforcement would result in unjust enrichment.

F&M contends that the defendants' request for a stay is untimely because more than 30 days have elapsed since the mailing of the notice of filing of judgment. Notably, the Louisiana First Circuit Court of Appeals has read La. R.S. §§ 13:4243(C) and 13:4244 together, as follows:

> Louisiana Revised Statute 13:4243C provides a judgment debtor with a thirty (30) day period from the mailing of the notice of the filing of a foreign judgment within which to file a defense to the petition for enforcement of a foreign judgment. The defenses available to a judgment debtor are set forth in La. R.S. 13:4244 . . . .

See Elis v. Professional Mgmt. Providers, Inc., 2004-1507 (La. App. 1 Cir. 7/27/05); 923 So. 2d 1, 7. Similarly, the Louisiana Second Circuit Court of Appeals has held that "[s]ections 4243 and

9

4244 allow the judgment debtor 30 days to raise the specified defenses." See North American Charitable Servs., Inc. v. ASDA, Inc., 35,523 (La. App. 2 Cir. 1/23/02); 805 So. 2d 1226, 1230. In this case, the defendants did not request a stay of enforcement until they filed their motion for summary judgment on December 3, 2018 – nearly six months after the June 4, 2018 mailing of the notice of foreign judgment. Accordingly, F&M contends that the defendants' motion for a stay pursuant to La. R.S. § 13:4244 is untimely and must be denied.

The defendants counter that their motion is indeed timely because the Louisiana jurisprudence to which F&M cites involved foreign judgments that had been made executory in Louisiana courts. According to the defendants, because this Court has not yet issued a judgment making the Ohio Judgment executory, the 30-day period to file a contradictory motion has not yet begun to run. This Court notes that the defendants embrace a strained interpretation of the applicable case literature. But, the Court need not determine whether the defendants' motion is timely because no ground upon which the defendants base their request for a stay under La. R.S. § 13:4244 has merit. The Court considers each ground advanced by the defendants in turn.

*i.*

First, the defendants contend that La. R.S. § 13:4244(A) requires a stay of enforcement of the Ohio Judgment because they

10

may pursue an appeal in Ohio state court. As previously discussed, La. R.S. § 13:4244(A) provides:

> If the judgment debtor proves on contradictory motion that **an appeal from the foreign judgment is pending or will be taken**, or that **a stay of execution has been granted**, the court shall stay enforcement of the foreign judgment until the appeal is concluded, the time for appeal expires, or the stay of execution expires or is vacated . . . .

Emphasis added. In an attempt to "prove" that an appeal "will be taken," the defendants point to the Declaration of Ryan T. Cheramie, an "authorized and duly appointed representative" of OMR and OMC, in which Mr. Cheramie attests that "the Ocean Entities are fully considering their options for relief from and/or appeal of the Ohio Default Judgment." And in their motion for summary judgment, the defendants suggest that they plan to move the Ohio court to set aside that Judgment.

Ohio Rule of Civil Procedure 55(B) allows a court to set aside a default judgment "in accordance with Rule 60(B)." In turn, Ohio Civil Rule of Civil Procedure 60(B) provides:

> **(B) Mistakes; inadvertence; excusable neglect; newly discovered evidence; fraud; etc.** On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: **(1) mistake, inadvertence, surprise or excusable neglect;** (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or

11

> otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or **(5) any other reason justifying relief from the judgment. *The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken.*** A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.

Emphasis added. The judgment debtors contend that a motion for relief from judgment could be brought to set aside the Ohio Judgment on the grounds of mistake by the trial court, or unjust enrichment of the judgment creditor at their expense. They further submit, without citing to case literature, that a "lawsuit in Ohio to set aside the Ohio Default Judgment constitutes an 'appeal from the foreign judgment' under the LEJFA." Accordingly, they urge this Court to stay enforcement of the Ohio Judgment until April 3, 2019, or until the proceedings on their hypothetical motion for relief from judgment conclude.

F&M counters, quite logically, that the debtors' argument is speculative and contradicts the plain language of the EFJA. The Court agrees with F&M that La. R.S. 13:4244(A) does not mandate a stay of the Ohio Judgment in this case. First, because OMC and OMR have declared that they are "*considering* their options for relief from and/or appeal of the Ohio Default Judgment," they have not "*prove[d]* on contradictory motion that an appeal from the [Ohio] judgment . . . *will be taken*. See La. R.S. § 13:4244(A) (emphasis added). In addition, because the judgment debtors have

12

suggested in their summary judgment motion and supporting papers that they plan to file a motion for relief from judgment pursuant to Ohio Rule of Civil Procedure 60(B), they have not "proved . . . that an *appeal* from the foreign judgment . . . will be taken." See id. (emphasis added). In other words, the defendants' assertion that a motion for relief from judgment constitutes an "appeal" within the meaning of the EFJA contradicts the plain language of La. R.S. § 13:4244(A). The Court finds further support for this position in the text of Ohio Rule of Civil Procedure 60(B) itself, which provides that "[a] motion under this subdivision (B) does *not* affect the finality of a judgment or *suspend its operation*." (emphasis added).

*ii.*

The defendants also request a stay under La. R.S. § 13:4244(B), which requires a Louisiana court to stay enforcement of a foreign judgment "[i]f the judgment debtor proves on contradictory motion any ground upon which the execution of a judgment of a court of this state would be stayed." In this regard, OMC and OMR contend that: (1) the Ohio court lacked subject matter jurisdiction to award damages arising out of the Derrick Purchase Agreement; and (2) the Ohio Judgment is unenforceable because its execution would unjustly enrich F&M at their expense.

Louisiana jurisprudence has recognized several circumstances under which a court may decline to enforce a foreign judgment:

13

> The substantive defenses available in an action to enforce a foreign judgment include a **lack of personal or subject matter jurisdiction of the rendering court**, extrinsic fraud in the procurement of the judgment, satisfaction, lack of due process, or **other grounds that make a judgment invalid or unenforceable**. However, the nature, amount, or other merits of the judgment may *not* be *relitigated* in the state in which *enforcement* is sought.

WellTech, Inc. v. Abadie, 95-620 (La. App. 5 Cir. 1/17/96); 666 So. 2d 1234, 1236 (citing State of Ohio v. Kline, 587 So. 2d 766, 770 (La. App. 2 Cir. 1991) (emphasis added).

*a.*

The defendants first contend that the Ohio court lacked subject matter jurisdiction to render a judgment regarding damages arising out of the Derrick Purchase Agreement because that contract contains a mandatory forum selection clause. This Court must apply Ohio law to determine whether the Ohio court had subject matter jurisdiction over the dispute at issue. See Winston v. Millaud, 2005-0338 (La. App. 4 Cir. 4/12/06); 930 So. 2d 144, 150-51 (La. App. 4 Cir. 2006) (citing Holden v. Holden, 374 So. 2d 749, 751 (La. 1979); Cantwell Machinery v. Ballard Agency, Inc., 583 So. 2d 73 (La. App. 2 Cir. 1991)) ("In determining whether a foreign court had subject matter . . . jurisdiction, the law of the forum state that rendered the judgment is the applicable law for resolution of this issue."). Moreover, the Court begins with the presumption that the Ohio court properly exercised subject matter jurisdiction. See Holiday Hospitality Franchising, Inc. v. Grant,

14

30,035 (La. App. 2 Cir. 05/08/02); 817 So. 2d 449, 452 ("There is a presumption the judgment of the sister state is valid and the burden of showing the judgment is invalid for lack of jurisdiction rests with the party attacking the judgment.").

Under Ohio law, "[w]here a forum selection clause states 'mandatory or obligatory language,' it is a mandatory clause that limits litigation to the designated venue." Id. at ¶ 16 (quoting Patel v. Patel, 2007-Ohio-5963, at ¶ 13). Ohio jurisprudence further instructs that "a forum selection clause in a commercial contract should control, absent a strong showing that it should be set aside." Renacci v. Evans, 2009-Ohio-5154, at ¶ 13 (quoting Kennecorp Mortg. Brokers v. Country Club Convalescent Hosp., 610 N.E.2d 987, 989 (Ohio 1993)).

The judgment debtors contend that the Derrick Purchase Agreement contains a choice of law provision and a forum selection clause, which together, confer "exclusive jurisdiction over any disputes arising out of the contract in the United States District Court for the Eastern District of Louisiana, or, alternatively, the courts of the State of Louisiana." Accordingly, the Court looks to the relevant provisions of the Derrick Purchase Agreement, which provide:

> 5) This Agreement shall be deemed to be made under and shall be construed in accordance with the laws of the State of ~~Ohio~~ [Louisiana] without reference to principles of conflict of laws.
> . . .

15

> 10) The parties hereto agree (a) that any suit, action, or proceeding brought to enforce an arbitration award rendered pursuant to the provisions of this Agreement hereof pertaining to this Agreement shall be instituted in the Courts of the State of ~~Ohio~~ [Louisiana] or the United States District Court for the ~~Southern~~ [Eastern] District of ~~Ohio~~ [Louisiana], Western Division, and (b) irrevocably and unconditionally submit and consent to the jurisdiction and venue of any such court for such purpose.[2]

The defendants recognize that the forum selection clause references a "proceeding brought to enforce an arbitration award" and concede that no arbitration award exists in this case. However, they contend that, because arbitration is not mentioned elsewhere in the contract, and the contract contains a Louisiana choice of law provision, the Agreement "clearly evinces the intent of the parties to confer exclusive jurisdiction over any dispute arising out of the contract in the Eastern District of Louisiana or any Louisiana court, with Louisiana law to apply." Accordingly, they submit that the Ohio court lacked subject matter jurisdiction to adjudicate the contract dispute arising out of the Derrick Purchase Agreement, such that execution of the Ohio Judgment should be stayed.[3]

---

[2] The Court notes that the text of the Derrick Purchase Agreement contains handwritten changes that are initialed by neither party.
[3] For purposes of completeness, this Court notes that, if the Ohio court indeed lacked subject matter jurisdiction over the contract dispute at issue, the Ohio Judgment would not be entitled to full faith and credit in Louisiana. See WellTech, Inc. v. Abadie, 95-620 (La. App. 5 Cir. 1/17/96); 666 So. 2d 1234, 1236 (citing State of Ohio v. Kline, 587 So. 2d 766, 770 (La. App. 2 Cir. 1991).

16

The Court disagrees with the defendants that the forum selection clause subjects all disputes arising out of the Derrick Purchase Agreement to the exclusive subject matter jurisdiction of the Eastern District of Louisiana or Louisiana state courts. Notably, the plain language contained in the Derrick Purchase Agreement does no more than: (1) establish Louisiana law as the substantive law of the agreement, and (2) require a Louisiana forum *for the enforcement of any arbitration award*. Pursuant to Ohio rules of contract interpretation:

> [C]ommon words appearing in a written instrument are to be given their plain and ordinary meaning unless manifest absurdity results or unless some other meaning is clearly intended from the face or overall contents of the instrument. Furthermore, where the terms in an existing contract are clear and unambiguous, [a] court cannot in effect create a new contract by finding an intent not expressed in the clear language employed by the parties.

Alexander v. Buckeye Pipeline Co., 53 Ohio St. 2d 241, 245-46 (1978) (internal citations omitted). Accordingly, this Court must apply the plain language of the Derrick Purchase Agreement, as written, and may not adopt a construction that renders clear and unambiguous terms in the contract meaningless. See id. In urging this Court to read out the phrase "proceeding brought to enforce an arbitration award," the judgment debtors request that this Court "in effect create a new contract by finding an intent not expressed in the clear language employed by the parties." See id. at 246. Accordingly, this Court may not accede to their request.

17

Because the contract dispute before the Ohio court did not involve the enforcement of an arbitration award, that proceeding did not trigger the application of the forum selection clause contained within the Derrick Purchase Agreement.[4] In other words, the judgment debtors have not sustained their burden of establishing that the Ohio court lacked subject matter jurisdiction to adjudicate F&M's claims arising out of the Derrick Purchase Agreement. See Holiday Hospitality Franchising, Inc. v. Grant, 817 So. 2d at 452.

*b.*

Finally, the judgment debtors contend that execution of the Ohio Judgment should be stayed pursuant to the EFJA because enforcement would unjustly enrich F&M at their expense. According to OMC and OMR, part of the Ohio Judgment allows for "double recovery" because it mistakenly orders both the return of two collateral winches *and* the payment of their value of $100,000. Specifically, the defendants submit that enforcement of the Ohio Judgment would require them to: (1) deliver to F&M a Gale Fox Seashore Winch and an Intercon Winch; and (2) remit payment in the amount of the alleged value of the Gale Fox Winch and the Intercon

---

[4] In light of this Court's determination that the forum selection clause did not apply to the contract dispute before the Ohio state court, the Court need not address F&M's alternative ground for opposing the defendants' jurisdictional challenge – namely, that the handwritten changes to the forum selection clause invalidate the provision.

18

Winch in satisfaction of the alleged damages sustained as a result of the defendants' failure to deliver those winches upon F&M's demand.

But, the judgment debtors' unjust enrichment claim, premised on a theory of double recovery, does not permit this Court to stay enforcement of the Ohio Judgment. As previously noted, Louisiana jurisprudence has recognized several circumstances under which a court may decline to enforce a foreign judgment:

> The substantive defenses available in an action to enforce a foreign judgment include a lack of personal or subject matter jurisdiction of the rendering court, extrinsic fraud in the procurement of the judgment, satisfaction, lack of due process, or other grounds that make a judgment invalid or unenforceable. **However, the nature, amount, or other merits of the judgment may *not* be *relitigated* in the state in which *enforcement* is sought.**

WellTech, Inc. v. Abadie, 95-620 (La. App. 5 Cir. 1/17/96); 666 So. 2d 1234, 1236 (citing State of Ohio v. Kline, 587 So. 2d 766, 770 (La. App. 2 Cir. 1991) (emphasis added). Moreover, the Louisiana Fifth Circuit Court of Appeals has recognized that, where a Louisiana court is not empowered to provide relief from a foreign judgment, it is likewise not permitted to stay enforcement of the foreign judgment on that same ground. See id. at 1237 ("Abadie admits that he is not requesting this Court to annul the judgment of the Texas court. Such relief would be unavailable in any event, since a Louisiana court is powerless to nullify a judgment of her sister state . . . [T]he allegations of fraud or ill practices

19

raised by Abadie, even if true, do not allow, permit, or justify a stay of the enforcement of the Texas judgment by a Louisiana court.").

In this case, the judgment debtors' unjust enrichment defense, based upon a theory of double recovery, implicates "the nature, amount, or other merits of the [Ohio] judgment." See id. at 1236. Accordingly, under WellTech, Inc v. Abadie, this Court may neither consider the merits of their unjust enrichment defense, nor stay enforcement of the Ohio Judgment to permit them to litigate such a claim in Ohio state court. See id.; see also Barcosh Ltd. v. Dumas, 270 F. App'x 347, 349 (5th Cir. 2008) (per curiam) ("Here, neither the Louisiana court nor the Middle District was required (or permitted) to look into the merits of Dumas's underlying debt to Barcosh.").

Accordingly, for the foregoing reasons, IT IS ORDERED: that the plaintiff's motion for summary judgment, seeking recognition and enforcement of the Ohio Judgment is hereby GRANTED, and the defendants' motion for summary judgment, seeking a stay of such enforcement, is hereby DENIED.

New Orleans, Louisiana, January 9, 2019

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE